**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Dimitar SLAVOV, Defendant–
Appellant.**

**No. 04–4297.**

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 1, 2006.*

Decided Feb. 1, 2006.

Brandon Fox, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Richard H. Parsons, Office of the Federal Public Defender, Peoria, IL, for Defendant–Appellant.

Dimitar Slavov, Chicago, IL, pro se.

Before Hon. RICHARD A. POSNER, Hon. KENNETH F. RIPPLE, and Hon. DANIEL A. MANION, Circuit Judges.

## ORDER

Dimitar Slavov paid waiters to swipe the credit cards of unwitting restaurant patrons using "skimmers," portable data storage devices that capture the information from a card's magnetic strip. He used the stolen credit card information to create counterfeit credit cards on which he made charges totaling $8,000. Slavov pleaded guilty to possessing more than 15 counterfeit credit cards, *see* 18 U.S.C. § 1029(a)(3), and was sentenced to 15 months' imprisonment and three years' supervised release, and ordered to pay $8,000 in restitution. Slavov makes two arguments on appeal.

First, Slavov argues that he should be resentenced on the ground that the district court believed itself bound by the sentencing guidelines. *See United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Slavov has waived this argument. He agreed in his plea agreement "[t]o have his sentence determined under the Sentencing Guidelines." At that time the guidelines were applied as mandatory. *See* 18 U.S.C. § 3553(b)(1). Moreover, though *Booker* was then pending before the Supreme Court, Slavov nonetheless agreed "[t]o waive having sentencing facts alleged in the indictment and found by the jury beyond a reasonable doubt" and "[t]o have the Court determine his sentencing facts by a preponderance of the evidence." Slavov is bound by those concessions and has waived any right to benefit from the changes brought by *Booker. See United States v. Berheide,* 421 F.3d 538, 542 (7th Cir.2005); *United States v. Bownes,* 405 F.3d 634, 636–37 (7th Cir. 2005).

Slavov also contends that the district court erred in ordering him to pay the $8,000 in restitution immediately instead of fixing a payment schedule as required by the Mandatory Victims Restitution Act of 1996, Pub.L. No. 104–132, Title II, Subtitle A, § 206, 110 Stat. 1214, 1234 (Apr. 24, 1996) (amending 18 U.S.C. § 3664). *See United States v. Day,* 418 F.3d 746, 761 (7th Cir.2005). Slavov forfeited this argument by not raising it in the district court. *See* Fed.R.Crim.P. 52(b). Nevertheless, the government concedes that there was error which is plain. Accordingly, we VACATE the district court's order regarding restitution and REMAND with instructions to set a payment schedule in light of Slavov's financial circumstances.

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).